In re Thomas S. **HEIDKAMP**, Debtor.

No. 9:04–BK–22830–ALP.

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

July 19, 2005.

Richard J. Hollander, Miller & Hollander, Naples, FL, for Debtor.

## ORDER DEBTOR'S OBJECTIONS TO CLAIM # 16 OF LUSK DRASITES & TOLASANO (Doc. No. 76)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS CAUSE came on for hearing to consider Objection to Claim No.16 of Lusk, Drasites & Tolasano, P.A., (the Claimant's) filed by Thomas S. Heidkamp (the Debtor) on May 10, 2005. In the Objection the Debtor contends that: (2a) many of the tasks were performed by a paralegal and not an attorney; (2b) many of the tasks charged to the Debtor were for multiple preparations; (2c) that the Debtor continued to be charged after he requested that the claimant cease representation; (2d) that Scott Morris, an attorney for the Claimant, admitted the time contained on the invoices were excessive and were increased by the billing department. The Debtor therefore requests that this Court enter an order sustaining the Objection.

On May 23, 2005, the Claimant's filed their Response to Objection to Claim No. 16 of Lusk, Drasites & Tolisano. (Doc. No. 110). In their Response, the Claimant's admitted they had filed a Proof of Claim against the Debtor for $6,156.59. In their Response, the Claimant's further denied that any items that were billed at attorney rates were performed by a paralegal; that any of the claims against the Debtor were erroneously prepared pleadings; that the Debtor produced no writing to substantiate that the Debtor ever requested the Claimant to cease representation; and any statements made by Scott Morris are inadmissible hearsay and the Court should strike any such statement from the Debtor's pleadings.

The Court heard argument of counsel, considered the exhibits attached to the Proof of Claim and is satisfied, that the Claimant's represented the Debtor in two separate State Court actions: (1) *Thomas Heidkamp v. Grace Heidkamp*, File No. 02/0197 and (2) *Belinda Warren v. Thomas S. Heidkamp*, File No. 02/0475.

The Court is further satisfied that the invoices attached to the Proof of Claim were specific as to the date, what attorney provided the services, time spent on the particular date, what services were provided, and the amount of the fees charged for the services rendered. However, the invoices do not indicate that anyone other than "WSM" worked on the Debtor's cases and, therefore, this Court has no evidence before it to determine whether another individual provided legal services to the Debtor and/or assisted the attorney assigned to the cases of the Debtor.

The Court has reviewed the attachments to the Proof of Claim and has determined that there is one entry of which seems to be duplicative. On August 8, 2002, in the case of *Belinda Warren v. Thomas S. Heidkamp*, there was a charge for .25 hours for a telephonic conference with Vera Bergermann, with a total fee charged to the Debtor, in the amount of $50.00. On the same date, the invoice in the case of *Thomas Heidkamp v. Grace Heidkamp* indicates

a fee charged in the amount of $40.00 for a telephone call to Vera Bergermann's office.

Based on the foregoing, this Court is satisfied that the Proof of Claim filed by Lusk, Drasites & Tolasano on February 4, 2005, be allowed as an unsecured nonpriorty claim in the reduced amount of $5,540.93.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that Objection to Claim # 16 of Lusk Drasites & Tolasano (Doc. No. 76) be, and the same is hereby, overruled in part and sustained in part. The claim be, and the same is hereby, allowed as an unsecured nonpriorty claim in the reduced amount of $5,540.93.